IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AVIDAR HELICOPTER SUPPLY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0816-CV-W-ODS |
| ) | |
| ROLLS-ROYCE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION DENYING DEFENDANT'S MOTION TO TRANSFER

Pending is Defendant's Motion to Transfer. After considering the parties' arguments, the motion (Doc. # 38) is denied.

I. BACKGROUND

In short summary, the parties' dispute addresses whether certain documents are proprietary data belonging to Defendant or, as Plaintiff contends, documents existing in the public domain. The parties' disagreement culminated with Plaintiff's filing of this lawsuit in September 2006. In January 2007, the Court granted Defendant's motion to transfer the case to the Southern District of Indiana based where it was consolidated with a lawsuit Defendant filed against Plaintiff. In September 2007, the Southern District of Indiana (the Honorable Larry J. McKinney, Chief Judge of that court) concluded it lacked personal jurisdiction over Plaintiff and transferred the consolidated cases back to the Western District of Missouri.

Unable to keep the case in Indiana, Defendant now asks that the case be transferred to the Northern District of Texas so it can be consolidated with a proceeding Defendant commenced in December 2005 against another party. That case (referred to as "the HEROS Litigation") apparently involves the same arguments as are raised in this case.

I.  DISCUSSION

When the Court transferred this case in January, it did so based on an exception to an exception to the "first filed rule."  When the same case is filed in two different district courts, the first case in which jurisdiction attaches is ordinarily the one to proceed.  While this case was filed before the one Defendant filed in Indiana, the Court found several "red flags" that justified deferring in favor of the second-filed case.  Now the case represents the only one between the parties, and any transfer must be justified under 28 U.S.C. § 1404(a).

This statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfser any civil action to any other district or division where it might have been brought."  Despite the statute's specification of factors to be considered, "a district court's evaluation of a transfer motion [is not limited] to these enumerated factors.  Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors."  Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir.), cert. denied, 522 U.S. 1029 (1997).  "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."  Id. at 695.  Moreover, transfer is not justified if it will do no more than shift the inconvenience from one party to the other.  Id. at 696-97.

Defendant expends significant effort in demonstrating Plaintiff is subject to personal jurisdiction in Texas.  Even if this case could have been brought in the Northern District of Texas, there is no justification for transferring the suit there.

A.  Convenience of the Parties

Defendant contends Texas "is not an inconvenient forum" for Plaintiff because Plaintiff's counsel is involved in the HEROS Litigation.  This contention misses the mark: Plaintiff's counsel may be involved in the HEROS Litigation, but Plaintiff is not.  Plaintiff

2

is a Missouri corporation with its principal place of business in Missouri. If it is subject to personal jurisdiction in Texas, it is only because of sales to customers in Texas – Plaintiff maintains no offices, owns no property, and has no employees in that state.

### B. Convenience of Witnesses

Defendant contends transferring the case to Texas would minimize inconvenience for the parties because it would obviate the need for witnesses to travel to two different trials. Technically, the transfer will not accomplish this objective: only the Texas court's subsequent consolidation of this case with the HEROS Litigation will, and there is no certainty the consolidation would occur. However, even if the consolidation were certain to occur, the Court is not persuaded that witnesses other than those related to the parties stand to benefit. Nobody has identified likely third-party witnesses, making it impossible for the Court to conclude a transfer will promote convenience for witnesses. In addition, Defendant characterizes this case as "document intensive," so witnesses are not likely to be numerous.

### C. Access to Proof, Location of Conduct, and Applicable Law

These factors are neutral. Defendant concedes this point with respect to access to proof (because most of the documents are in Indiana) and the applicable law (because the matter is governed by federal law). Location of the conduct is not a particularly important factor in light of the nature of the claim. To the extent it is a factor, the Court would conclude it favors Missouri.

### D. The Interests of Justice and Other Unenumerated Factors

Defendant emphasizes its belief that judicial economy will be promoted. Simply because the same claim is asserted against a different party in Texas does not mean the litigation in Texas will allow for effective resolution of the issues involving Plaintiff. In

3

addition, the sequence of events is somewhat troubling to the Court. When given an opportunity to select a forum Defendant elected to file suit in Indiana – it did not file suit in Texas. This appears somewhat odd because if everything Defendant states in its Motion to Transfer is to be believed the Court would have expected Defendant to attempt to join Plaintiff as a party in the HEROS Litigation instead of filing suit in Indiana. Filing suit in Indiana was understandable from Defendant's perspective, but in acknowledging this Defendant demonstrates Texas was not a superior forum – and if Defendant did not believe Texas was superior to Indiana, it is hard to understand how Defendant can credibly argue Texas is superior to Missouri.

### III.  CONCLUSION

Plaintiff's choice of forum is entitled to some deference, and Defendant has not demonstrated a compelling reason for the Court to exercise its discretion to transfer the case to the Northern District of Texas. The motion to transfer is denied.

IT IS SO ORDERED.

DATE: December 17, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

4