IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AVIDAIR HELICOPTER SUPPLY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0816-CV-W-ODS |
| ) | |
| ROLLS-ROYCE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION (1) GRANTING ROLLS-ROYCE'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO COUNT II OF AVIDAIR'S COMPLAINT AND (2) FINDING ROLLS-ROYCE'S MOTIONS TO STRIKE EXPERT WITNESSES TO BE MOOT

Count II of AvidAir's Complaint asserts violations of the Sherman Act, 15 U.S.C. §§ 1, 2. The heart of AvidAir's claim[1] rests on allegations that Rolls-Royce has improperly claimed or designated certain materials to be trade secrets and engaged in sham litigation to protect invalid or non-existent interests. Consistent with the Court's prior determination that at least some of the materials in question are trade secrets and that Rolls-Royce is entitled to protect its interests, Rolls-Royce's motion for summary judgment (Doc. # 105) is granted.

Rolls-Royce's efforts to control its trade secrets cannot violate the antitrust laws. Such efforts are the very essence of a trade secret because a trade secret constitutes property the owner/developer is entitled to control. The secret can be assigned with or without limitation. Therefore, Rolls-Royce's changed or improved efforts to protect its secrets do not constitute anti-competitive behavior. Even if Rolls-Royce published a document that could have been a trade secret in a manner that vitiated its secret status,

---

[1]The allegations in Count II could theoretically be construed as extending beyond these issues, although the Court believes the entirety of Count II reduces to the issues described. Regardless, neither AvidAir's experts nor AvidAir's Suggestions in Opposition discuss or identify any other theories supporting AvidAir's antitrust claim, so the Court holds no other antitrust theories are advanced.

Rolls-Royce could thereafter take steps to protect later, different versions of the document without running afoul of the antitrust laws.

The Supreme Court has held that in certain circumstances litigation can violate the Sherman Act.  So-called "sham litigation" is a lawsuit that is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits.  If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized . . . and an antitrust claim premised on the sham exception must fail." Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., 508 U.S. 49, 60 (1993).

The Court has little difficulty concluding that a reasonable litigant could realistically expect success on the merits of Rolls-Royce's claims.  The primary support for this conclusion is found in the Court's prior holdings.  The Court has ruled Revision 13 is a trade secret and that it has been misappropriated.  The Court has ruled Rolls-Royce is entitled to a ruling that Revision 12 is a trade secret – the only reason such an order was not entered is that Rolls-Royce had not requested.  "A winning lawsuit is by definition a reasonable effort at petitioning for redress and therefore not a sham." Id. at 61 n.5.  The Court has ruled disputed issues of material fact preclude entry of judgement with respect to Revision 11.  A claim that survives summary judgment and requires resolution of disputed facts is objectively reasonable.  While Rolls-Royce did not prevail with respect to Revisions 1-10, the effort was not a sham because there was a reasonable chance that it could have been valid. Id. at 62-63.[2]  Rolls-Royce subjective motivations are irrelevant because AvidAir cannot satisfy the objective component of the test. Id. at 57, 65-66.

In light of the Court's holding, there is no need to address Rolls-Royce's other arguments in favor of summary judgment.  The motion (Doc. # 105) is granted and Rolls-Royce is granted summary judgment on Count II of AvidAir's Complaint.  The

---

[2]"Where, as here, there is no dispute over the predicate facts of the underlying proceeding, a court may decide probable cause as a matter of law." Id. at 63.

2

Court also finds the motions to strike experts AvidAir designated to support its antitrust claims (Doc. # 100 and Doc. # 103) are moot.

IT IS SO ORDERED.

DATE: September 22, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT