IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AVIDAIR HELICOPTER SUPPLY, INC., ) ) Plaintiff, ) ) vs. ) ) ROLLS-ROYCE CORPORATION, ) ) Defendant. ) | Case No. 06-0816-CV-W-ODS |

ORDER AND OPINION DENYING MOTION FOR RECONSIDERATION AND FOR LEAVE TO AMEND THE PRAYER FOR RELIEF

On April 7, 2009, the Honorable William A. Knox, Magistrate Judge for this district, issued a Report recommending the disposition of various dispositive motions. The parties filed exceptions, and on June 23, 2009, the Court overruled the exceptions, adopted the Report, and ruled that with respect to DOIL 24,

- Revisions 1-10 were not trade secrets,
- Revision 13 was a trade secret,
- The Record demonstrated Revision 12 was a trade secret, but Rolls-Royce had not requested summary judgment, and
- Disputed issues of material fact precluded a determination as to whether Revision 11 was a trade secret.

The Court also concluded AvidAir misappropriated the trade secret by using it in its repair efforts and by certifying to the FAA that it had complied with Revision 13 when it overhauled Model 250 air compressors. Now pending is AvidAir's motion for reconsideration, which also seeks leave to amend the Complaint to expand the scope of the relief sought. The motion (Doc. # 204) is denied in its entirety.[1]

---

[1] The Court will address only those arguments that it believes require further discussion. All other issues are readily addressed in the Court's prior rulings and further discussion is not warranted.

A.

AvidAir's first argument is predicated on its June 20, 2009, acquisition of a Model 250 technical library (including DOIL 24) from Precision Air Power, which obtained the library pursuant to its relationship with National Airmotive Corporation, which was an Authorized Maintenance Center ("AMC"). The Court does not see how this event affects the Court's prior conclusions. As noted in the Court's prior discussions, the undisputed facts demonstrate that by the time Revision 13 was disseminated by Rolls-Royce the contracts between Rolls-Royce and the AMC's clearly identified the DILs and DOILs as Rolls-Royce's property and Revision 13 itself had a proprietary rights legend. AvidAir's continued insistence on describing other parties' possession of documents as "without restriction" does not make it so, particularly in light of its failure to address the Court's view of the Record.

B.

AvidAir's second argument relies on the FAA's recent approval of a repair process that does not rely on Revision 13, but instead relies on publicly available information (including Revisions 1 through 7). The Court has previously acknowledged the possibility that AvidAir could generate its own procedures based on publicly available information and obtain FAA approval. The fact that it has done so does not alter the analysis.

C.

AvidAir's third argument is that it cannot have misappropriated Revision 13 because it did not employ wrongful means. This argument misinterprets the statute. Judge Knox's Report documents that both Missouri and Indiana have adopted the Uniform Trade Secret Act, and that both states will rely on decisions of other states that have adopted the USTA. For simplicity's sake, the Court will rely on Missouri's statute

2

to discuss AvidAir's argument. There, "misappropriation" is defined in a myriad of ways. One instance is when a person uses a trade secret when, at the time, the person "know or had reason to know that knowledge of the trade secret was derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use." Mo. Rev. Stat. § 417.453(2)(b).c.iii. The proprietary rights legend, alone, provided AvidAir with reason to know that its possession and use of Revision 13 was derived from a party who owed Rolls-Royce duty of secrecy and confidentiality.

### D.

AvidAir seeks to amend Count III of its Complaint to include a request for a declaration that all documents regarding the Model 250 Engine are in the public domain. For justification, AvidAir again relies on its June 20, 2009, transaction with Precision Air Power whereby AvidAir acquired a complete library of materials that, for the first time, provided it with DILs, DOILs, manuals and other documents other than DOIL 24. Without deciding whether the scope of Count III already extends to the entire universe of documents regarding the Model 250 Engine, the Court denies any attempt to amend the pleadings. The deadline for amending the pleadings passed long ago, as did the deadline for conducting discovery. While the case is not set for trial, there is no just reason to continuously amend the pleadings to encompass events and transactions that occurred after the case was filed.

IT IS SO ORDERED.

DATE: September 23, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

3