IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AVIDAIR HELICOPTER SUPPLY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-0816-CV-W-ODS |
| | ) | |
| ROLLS-ROYCE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND OPINION DENYING ROLLS-ROYCE'S MOTIONS FOR (1) AWARD OF DAMAGES AND (2) PERMANENT INJUNCTION

Following the Court's ruling that DOIL 24, revision 13 (hereafter "Revision 13"), is a trade secret belonging to Rolls-Royce and that AvidAir misappropriated it, Rolls-Royce filed two separate motions for relief. The first is a Motion for Judgment and Award of Damages (Doc. # 198), and the second is a Motion for Permanent Injunction (Doc. # 201). Both motions are denied.

The motion for damages essentially seeks summary judgment with respect to damages on Count III of Rolls-Royce's Amended Complaint insofar as Revision 13 is concerned. The Court is not convinced efficiencies are gained or justice is achieved by considering an award of damages for a single aspect of Count III. More importantly, the Court's review of the law suggests an award of damages at this juncture is not appropriate. Regardless of whether Missouri or Indiana law applies, the law is the same.[1] A complainant can recover the actual loss, but Rolls-Royce eschews such a claim. In addition to any actual loss, "[a] complainant may also recover for the unjust enrichment caused by misappropriation . . . ." Mo. Rev. Stat. § 417.457.1; Ind. Code § 24-2-3-4(a). If damages or unjust enrichment are not provable, the damages may be

---

[1] The Court has previously observed both Missouri and Indiana have adopted the Uniform Trade Secret Act, and that both states will rely on decisions of other states that have adopted the USTA.

measured by the royalty value of the misappropriated secret. Mo. Rev. Stat. § 417.457.1; Ind. Code § 24-2-3-4(b). These provisions establish a key point for Rolls-Royce's argument: the secret's royalty value is not the same as the misappropriator's unjust enrichment. "Unjust enrichment" in this context is the gain realized as a result of the misappropriation. <u>Weston v. Buckley</u>, 677 N.E.2d 1089, 1093 (Ind. Ct. App. 1997); <u>see also</u> Uniform Trade Secret Act § 3 (comment) (the section "adopts the principle of recent cases allowing recovery of . . . a misappropriator's unjust benefit that [is] caused by the misappropriation."). To support its claim, Rolls-Royce has provided the expert report of Gary Kleinrichert. The expert concludes AvidAir was unjustly enriched in the amount of approximately $2.7 million, and Rolls-Royce seeks an award in that amount.

      The Court readily understands the expert's ultimate conclusion, but harbors some uncertainty about the expert's methodology. This is not meant to suggest the methods employed are improper; the Court simply does not have enough information to properly and completely understand the calculations. Absent such an understanding, the Court is reluctant to declare the facts in the Record are uncontroverted and conclusively demonstrate $2.7 million is the proper measure of damages. Along these same lines, there are certain factual predicates that may alter the analysis. For instance, while the Court has held the Record establishes AvidAir used Revision 13, the Court has also declined to determine the nature and extent of that use. This is a factor that may affect the analysis. More seriously, this is a factor that may render the expert's calculation so unreliable or uncertain that the appropriate award is based on the royalty value and not the increased profit to AvidAir. All of these issues are best resolved by the finder of fact.

      Finally, AvidAir seeks an award of exemplary damages. The Court has previously relied upon the proprietary rights legend on Revision 13, most notably to hold that AvidAir had reason to know it had received the document from a party who was obligated to keep it a secret. Rolls-Royce extends this point to argue AvidAir's conduct justifies an award of exemplary damages. The argument may be compelling to the fact finder, but it does not establish Rolls-Royce's entitlement to exemplary damages as a matter of law.

2

As with damages, the Court believes it prudent to wait until the case is concluded instead of awarding injunctive relief piecemeal. The Court's view might be different but for a recent development: AvidAir's recent receipt of approval to use a methodology it proposed on its own. This greatly reduces the utility of an order prohibiting AvidAir's use of Revision 13 because AvidAir simply does not need to use it anymore. Undoubtedly, AvidAir's methodology relies upon publicly available documents (including DOILs that are no longer trade secrets), and this is acceptable. The Court understands Rolls-Royce's concern that AvidAir also may have partially relied on Revision 13 to develop its method, but the Court lacks the information necessary to untangle that web and is unwilling to risk an injunction that sweeps broader than necessary to protect Rolls-Royce. AvidAir's continued use – indeed, perhaps even AvidAir's continued possession – of Revision 13 may be evidence justifying exemplary damages. In any event, circumstances have evolved to the point that the Court does not believe it can adequately fashion a fair and proper injunction with the information currently in the Record.

IT IS SO ORDERED.

DATE: September 24, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT