IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

AVIDAIR HELICOPTER SUPPLY, INC., )
                                                )
        Plaintiff,        )
                                                )
vs.                                        )        Case No. 06-0816-CV-W-ODS
                                                )
ROLLS-ROYCE CORPORATION,    )
                                                )
        Defendant.     )

### ORDER AND OPINION GRANTING IN PART AND DENYING PART THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT AND SETTING DATES FOR TRIAL

Pending are cross motions for summary judgment that address the remaining claims in the case. For the following reasons, both motions are granted in part and denied in part.

### I. BACKGROUND

#### A. Procedural History

The heart of this case involves determining whether certain documents are trade secrets. Until now, the case has focused on DOIL[1] 24. With respect to DOIL 24, the Court has ruled

- Revisions 1-10 were not trade secrets,
- Revision 13 was a trade secret,
- The Record demonstrated Revision 12 was a trade secret, but Rolls-Royce had not requested summary judgment, and

---

[1] The Court understands the documents at issue may be referenced with different designations. For the sake of consistency and clarity, the Court will (as it has in its other orders) use the DOIL designation.

- Disputed issues of material fact precluded a determination as to whether Revision 11 was a trade secret.

The Court's focus on DOIL 24 was understandable: it was identified by the parties as the most important aspect of the case and has consistently received the majority of the parties' attention. The parties have mentioned other documents, but they devoted little attention to them. Nonetheless, the parties have believed and understood that additional documents are it issue. These documents are addressed in several filings, including Count III of Rolls-Royce's Amended Complaint, AvidAir's October 29, 2008, Motion for Partial Summary Judgment, and the cross-motions the parties filed on July 24, 2009.

In addition to addressing these documents' status as trade secrets, there are several claims that remain at issue. AvidAir asserted the following claims:

| | | |
|---|---|---|
| Count I | Tortious Interference with Business Relations, Contracts, and Prospective Economic Advantage |
| Count II | Violation of the Sherman Antitrust Act (or the Clayton Act) through the abuse of monopoly power |
| Count III | A claim seeking a judicial declaration that DOIL 24 (and other unspecified documents) is not a protectable trade secret |

Rolls-Royce's claims are:

| | |
|---|---|
| Count I | Violations of the Lanham Act |
| Count II | Replevin |
| Count III | Misappropriation of Trade Secrets |
| Count IV | Conversion/Theft |
| Count V | Quantum Meruit/Unjust Enrichment |

2

The Court has previously granted Rolls-Royce Summary Judgment on AvidAir's Count II, and has partially ruled on each parties' Count III (at least insofar as DOIL 24 is concerned).

## B. The Record

The efforts of Rolls-Royce (and its predecessors) to maintain the secrecy of documents has been discussed in prior Orders. In summary, the Record reveals that versions or revisions of DOILs distributed prior to late 1994 or early 1995 were not the subject of reasonable measures to preserve their secrecy and thus do not constitute trade secrets. In 1994 or 1995, Rolls-Royce began entering agreements with Authorized Maintenance Centers ("AMCs") that (1) required the return of any proprietary documents at the end of the parties' relationship, (2) acknowledged that technical data and other materials (including DOILs) where proprietary property, and (3) prohibited the AMC from disseminating such information to other parties. Rolls-Royce also began placing a proprietary rights legend on its documents.

The parties do not seem to agree as to which documents are at issue, but the matter is readily resolved. The Court agrees with Rolls-Royce that the only documents at issue are those that AvidAir possessed at the time of this lawsuit.[2] While AvidAir's Complaint could be read more broadly, there can be no case or controversy between the parties about documents AvidAir did not possess when the case was filed. Thus, at most the documents at issue (other than DOIL 24, which has already been addressed) are:

- DOIL 3     Revision 16     promulgated October 15, 1997
- DOIL 4     Revision 6      promulgated August 31, 1995
- DOIL 6     Revision 2      promulgated March 10, 1985
- DOIL 7     Revision 5      promulgated October 10, 1985

---

[2]The Court recently rejected AvidAir's to inject claims and arguments about documents it acquired after the lawsuit was commenced.

3

- DOIL 8        Revision 6        promulgated October 31, 1997
- BookFax 97-AMC-059        promulgated October 6, 1997

AvidAir's motion seeks a ruling with respect to DOILs 3, 4, and 8 and BookFax 97 AMC 059. It does not specify any particular versions or revisions of those documents, but as noted the Court lacks jurisdiction over documents that are not in controversy. AvidAir has also failed to discuss the particular revisions in any detail, preferring instead to describe each DOIL collectively without regard to when a particular revision was issued. Rolls-Royce has narrowed its request and seeks a favorable ruling with respect to DOIL 3, revision 16, DOIL 8, revision 6, DOIL 24, revision 12, and BookFax 97-AMC-059.[3] Rolls-Royce contends the Court's prior decisions present a "framework" for resolving the trade secret issues, and the Court presumes Rolls-Royce no longer pursues a favorable ruling for the other documents because it recognizes that under the Court's framework DOIL 4, revision 6, DOIL 6, revision 2, and DOIL 7, revision 5, would not clearly qualify as trade secrets.

## II.  DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984),

---

[3]Compare Doc. # 170, p. 7, with Doc. # 229, p. 3.

cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## A. Trade Secrets

The first issue to be decided is whether the Record permits a ruling with respect to the documents at issue. As noted earlier, the Court has determined the Record conclusively establishes Rolls-Royce took appropriate steps to protect DOILs before some of the DOILs at issue were promulgated. The Court has also confirmed that the DOILs at issue contained the proprietary rights legend identifying them as Rolls-Royce's property.

The Record also establishes the BookFax was protected as a trade secret. The BookFax was a preliminary notice of a forthcoming change to DOIL 24 that eventually became part of Revision 13. The BookFax was issued on October 24, 1997, which was after Rolls-Royce's agreements with AMCs clearly designated DOILs and their revisions and amendments to be Rolls-Royce's proprietary information.

AvidAir contends summary judgment is inappropriate because "Rolls-Royce has failed to provide admissible evidence providing the detail of any new information that is included in [these documents or] the cost of development or the actual new value that is purportedly contained in the documents." Doc. # 239 at 40-41. This endeavor is unnecessary. As held previously, a trade secret is

> information, including but not limited to, technical or nontechnical data, a formula, pattern, compilation, program, device, method, technique, or process, that:
>
> • derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

5

- is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Ind. Code § 24-2-3-2; Mo. Rev. Stat. § 417.453(4). There is no question that these documents qualify as information or that they derive independent economic value from not being generally known. The type of information is also not readily ascertainable; it is ascertainable, but it requires a combination of effort, resources, expertise and experience to formulate methods for repairing and overhauling the engine. The legal analysis does not call for a certain quantum of effort or resources, so Rolls-Royce is not required to establish the amount of effort and resources it expended.

AvidAir also attaches significance to Rolls-Royce's changed policies towards the DOILs. At one time Rolls-Royce (or, more precisely, its predecessors) did not expend much effort to maintain the DOILs' secrecy. Over time, efforts were initiated, and (as held previously) eventually became sufficient to be deemed reasonable as a matter of law. AvidAir finds this evolution to be sinister, but the Court does not. Rolls-Royce is not asserting – and, more importantly, is not being permitted to assert – that documents previously released into the public domain are now trade secrets. Rolls-Royce has taken documents that were in the public domain, added information to those documents, then protected the revised documents' secrecy. As discussed in prior orders, this is permissible under the law and the revised document – now a combination of public and secret information – may be regarded as a trade secret.

AvidAir's final arguments are similar. It contends the documents in question have been disseminated to others and that it has not misappropriated the documents. However, the fact that some AMCs violated their agreements with Rolls-Royce and provided documents to others (such as AvidAir) does not obviate the trade secret.[4]

---

[4]In this regard, the Court notes AvidAir's tendency to assert, in conclusory fashion, that it obtained documents "lawfully" or that documents were provided to an AMC "without restriction." The labels are not supported by the Record; the Record demonstrates, for instance, that AvidAir obtained the DOILs, and that AMCs received them – but the citations relied upon by AvidAir do not establish that the AMC's possession was unrestricted or that the subsequent transfer to AvidAir was lawful. To the contrary, and as discussed in the Court's prior orders, the Record conclusively

6

Rolls-Royce's efforts were reasonable as a matter of law. The misappropriation issue is separate from the trade secret issue. In other words, misappropriation is not required for these documents to be trade secrets. Whether the Record supports a conclusion that AvidAir misappropriated the trade secrets will be addressed later in this Order. For now, it is sufficient to say that the undisputed facts demonstrate DOIL 3, revision 16, DOIL 8, revision 6, DOIL 24, revision 12, and BookFax 97-AMC-059 are trade secrets.

The Court's prior holdings establish Rolls-Royce's practices were not reasonable efforts to preserve the DOILs' secrecy when DOIL 6, revision 2, and DOIL 7, revision 5, were promulgated. Accordingly, the Court holds these documents were not trade secrets. The Record is not clear with respect to Rolls-Royce's practices when DOIL 4, revision 6, was promulgated, so neither party is entitled to summary judgment with respect to that document.

### B. Rolls-Royce's Claims

AvidAir contends it is entitled to summary judgment on Rolls-Royce's claims because they all depend on a finding that some or all of the DOILs are trade secrets. The Court's conclusion that some of the DOILs are trade secrets defeats AvidAir's argument. The prior conclusion that AvidAir misappropriated DOIL 24, revision 13, also defeats AvidAir's contention that it is entitled to summary judgment on Count III.

AvidAir points out that Rolls-Royce is entitled to a single recovery and it cannot obtain relief under all five counts. Rolls-Royce concedes the point, and the Court agrees – but this is not a reason to grant summary judgment. Moreover, an election of remedies is premature at this juncture because there is no way to determine which

---

establishes the contractual relationship between Rolls-Royce and the AMCs that restricted the AMCs' ability to transfer the DOILs.
    The Court also takes this opportunity to note AvidAir has asserted a great many facts that are not addressed in this Order. This failure should not be construed as the Court's acceptance of the truth of those facts: the failure means either the matter has been addressed in prior orders or (more commonly) the fact in question is irrelevant to the legal issues involved in this case.

7

theory or combination of theories will provide the Rolls-Royce with the fullest relief. To illustrate the point, consider BookFax 97-AMC-059. The Court has concluded it was a trade secret, but there is (as discussed in footnote 4, *infra*) a question of fact as to whether it was misappropriated. This does not mean Rolls-Royce is without recourse: the BookFax is still Rolls-Royce's property, and other theories (such as replevin) may entitle Rolls-Royce to an order directing the BookFax be returned. The facts may also support a monetary award for unjust enrichment. At the present, there is no basis for concluding Rolls-Royce cannot prevail on Counts I, II, IV or V.

For its part, Rolls-Royce seeks summary judgment on Count III with respect to DOIL 3, revision 16, DOIL 8, revision 6, and DOIL 24, revision 12. The Court has already held these documents are trade secrets, and the undisputed facts in the Record also demonstrate AvidAir knew or had reason to know these documents were obtained from or through a party who owed Rolls-Royce a duty to maintain their secrecy. Mo. Rev. Stat. § 417.453(2)(b).c.iii. Therefore, AvidAir misappropriated these documents.[5]

### C. Count I of AvidAir's Complaint

In Count I, AvidAir contends "Rolls-Royce knowingly and/or intentionally, and by using unlawful means, interfered with AvidAir Business Relationships by refusing to permit AvidAir overhauled/repaired Series II compressor cases to be embodied or purchased by Rolls-Royce AMC's and other Rolls-Royce authorized facilities." AvidAir Complaint, ¶ 40. AvidAir describes this conduct as interference with its business relationships.

The tort of interference with contract or business expectancy has five elements:

---

[5]Rolls-Royce does not seek a ruling that AvidAir misappropriated BookFax 97-AMC-059, which is just as well. Even though the BookFax is a trade secret, it does not have the proprietary rights legend that appears on the DOILs. Therefore, the Record does not conclusively establish AvidAir had reason to know that the BookFax was provided by someone who owed a duty of secrecy to Rolls-Royce. A jury will have to decide whether the BookFax was misappropriated.

8

"(1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages." Rice v. Hodapp, 919 S.W.2d 240, 245 (Mo. 1996) (en banc). Rolls-Royce presents several arguments but the Court believes it necessary to address just one: the Court concludes Rolls-Royce is entitled to summary judgment because the uncontroverted facts demonstrate its actions were legally justified.

"To establish the absence of justification element, the plaintiff must establish that the defendant lacked a legal right to justify his actions." Horizon Memorial Group, L.L.C. v. Bailey, 280 S.W.3d 657, 662 (Mo. Ct. App. 2009). AvidAir bears the burden of demonstrating a lack of justification. Stehno v. Sprint Spectrum, L.P., 186 S.W.3d 247, 253 (Mo. 2006) (en banc). However, Rolls-Royce's failure or refusal to enter an agreement allowing AvidAir to use its trade secrets cannot support the claim. BMK Corp. v. Clayton Corp., 226 S.W.3d 179, 191 (Mo. Ct. App. 2007). A business also cannot commit this tort if the action complained of involves a good-faith effort to enforce its rights, so long as improper means are not employed. E.g., Healthcare Services of the Ozarks, Inc. v. Copeland, 198 S.W.3d 604, 614 (Mo. 2006) (en banc); Stehno, 186 S.W.3d at 252-53.

Rolls-Royce had a legal right to protect its trade secrets. The fact that Rolls-Royce will prevail on several of its claims demonstrates it had a good-faith basis for acting. Other claims will require resolution by a jury, further demonstrating the reasonableness of Rolls-Royce's actions. The Court's rulings against Rolls-Royce do not substantiate a lack of good faith on its part.

AvidAir insists some of Rolls-Royce's actions constitute improper means, but the definition of wrongful means is narrower than AvidAir admits. Improper means "are those that are independently wrongful, such as threats, violence, trespass, defamation, misrepresentation of fact, restraint of trade, or any other wrongful act recognized by statute or common law." Stehno, 186 S.W.3d at 252; see also Nazeri v. Missouri Valley Coll., 860 S.W.2d 303, 317 (Mo. 1993) (en banc). AvidAir has described numerous acts it believes were wrongful because they constituted restraints of trade, but this is

9

insufficient. Any action a business takes to protect its trade secrets will restrain trade to a certain extent, but this does not transform legitimate business activity into improper conduct. AvidAir's emphasis on the Court's conclusion that some documents were not trade secrets does not save the claim because Rolls-Royce had a good faith basis for its beliefs and do not transform the entire litigation effort into a bad faith effort. Accepting AvidAir's position would ignore the significant validity already found in Rolls-Royce's claims.

### III. CONCLUSION & EPILOGUE

The combination of prior rulings and this ruling results in the following holdings:

1. AvidAir misappropriated DOIL 3, revision 16, DOIL 8, revision 6, and DOIL 24, revisions 12 and 13.
2. BookFax 97-AMC-059 is a trade secret, but there are material factual disputes as to whether AvidAir misappropriated the document.
3. OIL 6, revision 2, DOIL 7, revision 5, and DOIL 24, revisions 1-10 are not trade secrets.
4. There are disputed issues of material fact as to whether DOIL 4, revision 6, and DOIL 24, revision 11, are trade secrets and, if they were, whether they were misappropriated.
5. Rolls-Royce is entitled to summary judgment on Counts I and II of AvidAir's Complaint.

The issues remaining for trial consist of (1) resolving the factual disputes described in numbers 2 and 4, above, and (2) assessing damages. To that end, the Court sets the jury trial for March 1, 2010. A pretrial conference will be held at 10:30 a.m. on January 8, 2010. The deadlines in paragraphs 14 and 15 of the Court's December 19, 2007, Scheduling and Trial Order are changed accordingly.

IT IS SO ORDERED.

DATE: September 28, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

Case 4:06-cv-00816-ODS   Document 252   Filed 09/28/09   Page 10 of 10