IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AVIDAIR HELICOPTER SUPPLY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0816-CV-W-ODS |
| ) | |
| ROLLS-ROYCE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION DENYING AVIDAIR'S MOTION FOR RECONSIDERATION AND EMERGENCY MOTION TO CONTINUE TRIAL

Pending is AvidAir's (1) motion for reconsideration and (2) emergency motion for reconsideration. The former motion (Doc. # 316) is denied on the merits and the latter motion (Doc. # 319) is denied as moot.

The motion for reconsideration is premised on a recent decision from the Northern District of Texas in Rolls-Royce Corp. v. Heros, Inc., No. 3:07-CV-0739-D. As an initial matter, the Court notes the two cases involve different issues and are premised on different records. This is significant because the Texas opinion does not address the same documents as those involved in this case: it does not address any revisions of DOIL 24 or revision 6 of DOIL 4. The Record – as it relates to the documents in issue in the Texas case – is completely different from the Record developed in *this* case with respect to the documents at issue in *this* case. As explained by the Texas court:

> A reasonable jury could not find that Rolls-Royce transformed DOILS into AMC-OILs by compiling public information in a unique and value-producing manner. Instead, it could only find that Rolls-Royce took a document in the public domain, made some cosmetic changes, and added a relatively small amount of new information in an effort to recapture the entire document as a trade secret.

In contrast, after exhaustive hearings and analysis of the Record, the Court[1] in *this* case determined Rolls-Royce added information to materials in the public domain that made the resulting document a trade secret. While AvidAir (or anyone) remains free to use the material in the public domain, Rolls-Royce controls who uses the resulting compilation of public and proprietary information.

The Texas opinion also does not address the legal effect of a party certifying to the FAA that they relied on a particular revision – probably because that fact was not present in the case. Here, the uncontroverted facts demonstrate there was economic value in maintaining the secrecy of, for example, DOIL 24, Revision 13, because only one entitled to possess it could certify to the FAA that it was relied upon. AvidAir (or anyone) remained free to certify to the FAA that they relied upon any DOIL remaining in the public domain – but this is not what AvidAir did. Thus, there was economic value in maintaining Revision 13's secrecy and AvidAir used Revision 13 when it made the certifications. The Record also establishes AvidAir used Revision 13 by following the "new" directions that appeared in that document for the first time.

For these reasons, the Court is not persuaded that its earlier orders need to be amended in light of the Texas court's decision. The Motion for Reconsideration and the Emergency Motion to Continue Trial are denied.

IT IS SO ORDERED.

DATE: August 23, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The analysis was largely conducted by Magistrate Judge William A. Knox, Magistrate. In adopting his recommendations, the undersigned adopted his reasoning and findings entirely and added additional conclusions. Thus, one must also look to Judge Knox's reports to ascertain the Court's complete analysis.