IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

AVIDAIR HELICOPTER SUPPLY, INC., )
)
       Plaintiff, )
)
vs. )   Case No. 06-0816-CV-W-ODS
)
ROLLS-ROYCE CORPORATION, )
)
       Defendant. )

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART ROLLS-ROYCE CORPORATION'S REQUEST FOR INJUNCTIVE RELIEF

In orders leading to the trial, the Court held:

1. AvidAir misappropriated DOIL 3, revision 16, DOIL 8, revision 6, and DOIL 24, revisions 12 and 13.

2. BookFax 97-AMC-059 is a trade secret, but there are material factual disputes as to whether AvidAir misappropriated the document.

3. DOIL 6, revision 2, DOIL 7, revision 5, and DOIL 24, revisions 1-10 are not trade secrets.

4. There are disputed issues of material fact as to whether DOIL 4, revision 6, and DOIL 24, revision 11, are trade secrets and, if they were, whether they were misappropriated.

5. Rolls-Royce is entitled to summary judgment on Counts I and II of AvidAir's Complaint.

Sometime thereafter, Rolls-Royce abandoned its claims regarding the documents in number 4, above, leaving for trial the issue of damages for the misappropriations identified in number 1 and liability and damages with respect to the document described in number 2. Rolls-Royce abandoned its claim with respect to number 2 during the trial.

Rolls-Royce claimed damages only for the misappropriation of DOIL 24, Revision 13. The jury awarded $350,000 in actual damages and did not award punitive

damages. In response to a special interrogatory designed to advise the Court, the jury found AvidAir did not use DOIL 24, Revision 13, in formulating its own repair process. The only remaining issue to be decided before entering judgment is the issue of equitable relief.

Under the Uniform Trade Secret Act (as adopted in both Missouri and Indiana), "[a]ctual or threatened misappropriation may be enjoined." Ind. Code § 24-2-3-3(a); Mo. Rev. Stat. § 417.455.1. Rolls-Royce has also asserted a claim for replevin, which seeks the return of property wrongfully withheld. E.g., Coleman v. Vukovich, 825 N.E.2d 397, 407 (Ind. Ct. App. 2005). Four factors must be considered to determine if equitable relief should be issued: (1) the adequacy of legal remedies, (2) the claims upon which the plaintiff prevailed, (3) whether the threatened injury outweighs the harm equitable relief would visit upon the defendant, and (4) the public interest. Ferrell v. Dunescape Beach Club Condomiiums Phase I, Inc., 751 N.E.2d 702, 712-13 (Ind. Ct. App. 2001).

I.

The Court's prior determination that certain documents are Rolls-Royce's trade secrets establishes that those documents are Rolls-Royce's property, that AvidAir had no right to possess them, and that AvidAir obtained them from third-parties that had no right to transfer them to AvidAir. Equity dictates that AvidAir be ordered to return all such documents to Rolls-Royce because they belong to Rolls-Royce and not AvidAir.

AvidAir invites the Court to revisit its prior rulings, contending (1) evidence introduced at trial and (2) the jury's findings demonstrate these documents were not trade secrets. The Court disagrees. While AvidAir repeatedly claims certain entities (such as Precision Air Power) possessed documents "without restriction," the Record belies this claim.[1] No amount of repetition will alter this fact, and there has been no

---

[1] For instance, section 6.2 of the Additional Provisions to Allison's agreements with Authorized Maintenance Centers declares that "Manuals . . . may be Allison proprietary and may bear appropriate copyright and Marks restrictions. No distribution

2

evidence presented – either before or during the trial – substantiating AvidAir's characterization. Similarly, there has been no evidence contradicting the Court's conclusion that the undisputed facts demonstrate the documents are trade secrets. The jury's verdict does not bear on the issue because the jury was not asked to decide whether the documents were trade secrets – in fact, it was precluded from deciding that issue and instead was told that the Court had already decided it. Nothing relevant to this issue can be gleaned from the jury's verdict.

II.

Rolls-Royce also asks for an injunction prohibiting AvidAir from using its DER Repair process. Rolls-Royce would be entitled to such relief if AvidAir used Rolls-Royce's trade secrets to develop and obtain approval for its repair process. This is a determination for the Court to make: while the jury rendered its opinion, that opinion was advisory and is not binding. Tamko Roofing Products, Inc. v. Smith Eng'g Co., 450 F.3d 822, 828 (8th Cir. 2006).[2] Nonetheless, the jury's verdict confirms the Court's view of the facts. The universe of publicly available information is quite vast, and a compilation of those materials, coupled with Craig Rookstool's experience, suggests Rookstool was fully capable of developing an acceptable process for overhauling compressors. Rookstool testified that it was frequently necessary to deviate from the written procedure in order to achieve the result that was necessary; for instance, while a procedure might call for blasting with grit to clean a part once, it might be necessary to repeat the blasting at another step of the process. The Court thus finds it logical to

---

of this material is to be made . . . ." Section 13.8 requires the Authorized Maintenance Center to return Manuals to Allison. AvidAir insists the term "Manuals" is vague and does not identify what is included, but AvidAir ignores section 1.49 which defines the term broadly to inlcude "[t]echnical documents prepared and distributed by Allison."

[2]Rolls-Royce intimates the advisory verdict is contrary to the Court's prior orders. The Court disagrees. While the Court previously determined Revision 13 had been misappropriated, it never found that AvidAir misappropriated it by using it to develop its own DER Repair Process.

believe that AvidAir developed its own procedures (or variations from others' procedures) for overhauling compressors that were formalized in its DER Repair Process. Rolls-Royce compares portions of AvidAir's process that appear in its trade secrets to corresponding provisions of AvidAir's process, and they certainly suggest a reason to believe that Rolls-Royce's documents were the origin for those provisions – but the undersigned is not convinced that it is more likely true than not true.

The Court is not finding that AvidAir did not rely on Rolls-Royce's trade secrets. Rolls-Royce bears the burden of proof on this issue, and – like the jury – the Court simply is not convinced. Because the Court cannot find AvidAir used DOIL 24, Revision 13, to develop its DER Repair Process, it cannot enjoin AvidAir from using its DER Repair Process.

III.

In a related request, Rolls-Royce seeks an order preventing AvidAir from overhauling compressor cases for five years. Rolls-Royce contends AvidAir will inevitably rely on its knowledge of the trade secrets, and a five year moratorium is necessary to deprive AvidAir of its wrongfully-gained advantage. The Court disagrees.

First, such an Order contradicts the Court's conclusion that AvidAir should not be barred from using its DER Repair Process. Second, the need for such an injunction has not been established. The so-called "'head start' rule . . . provides that by misappropriating the trade secrets, a defendant is able to 'cut short' the time it would normally take to produce and market a competitive product. A defendant should be enjoined only for the time it would take to produce and market the competitive product, absent the misappropriation." Synergetics, Inc. v. Hurst, 477 F.3d 949, 961 (8th Cir. 2007). Here, the Court has effectively held that the time it would take for AvidAir to independently develop a process acceptable to the FAA has already passed. Ultimately, not only is there no evidence supporting a five-year ban, there is no evidence supporting any ban on AvidAir's ability to overhaul compressors.

IV.

In light of the foregoing discussion, AvidAir is ordered to deliver all copies of DOIL 3, revision 16, DOIL 8, revision 6, and DOIL 24, revisions 12 and 13 that are in its possession or control to Roll-Royce. This applies to all such copies, regardless of their source or how they were acquired or created. In addition, AvidAir shall provide Rolls-Royce with a statement identifying any such copies that were at one time but are no longer in AvidAir's possession or control. This identification will include an explanation as to the fate or location of any such copies. AvidAir shall comply with this paragraph within thirty days.

IT IS SO ORDERED.

DATE: September 30, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT